UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL, LTD., | ) |
| Plaintiff | ) Civil Action No. 1:09-CV-765 |
| v. | ) |
| DELTA PI CHAPTER OF LAMBDA CHI ALPHA, JOHN FERRELL CASSADY, CHARLES KENNETH CALDWELL, LINWOOD BRADY LONG, BRIAN THOMAS MCELROY, ROBERT LAWRENCE OLSON, ALSO KNOWN AS ROBERT S. OLSON, JR., AND JOHN LEE MYNHARDT | ) |
| Defendants | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Liberty Corporate Capital, Ltd. ("Liberty"), by its attorneys, and for its Complaint for declaratory judgment against defendants Delta Pi Chapter of Lambda Chi Alpha (the "Chapter"), John Ferrell Cassady, Charles Kenneth Caldwell, Linwood Brady Long, Brian Thomas McElroy, Robert Lawrence Olson, also known as Robert S. Olson, Jr., ("Chapter Member Defendants") and John Lee Mynhardt ("Mynhardt"), allege as follows:

### I. Nature of the Action

1. This is an action pursuant to 28 U.S.C. § 2201 for a declaratory judgment declaring the rights and obligations as between Liberty and defendants under a general liability insurance policy ("Policy") issued to Lambda Chi Alpha, Inc.

("National Organization"), with respect to a lawsuit between Defendant Mynhardt and the Chapter Member Defendants following injuries Mynhardt sustained after allegedly being physically assaulted at an off-campus party during the early morning hours of February 3, 2007. True and accurate copies of the Policy and Mynhardt's Third Amended Complaint ("Mynhardt Complaint") are attached hereto as Exhibits A and B respectively.

2. In particular, Liberty seeks a declaration that:

    A. The Chapter is not an "Insured" under the Policy and, therefore, is not entitled to a defense or indemnity under the Policy with regard to the Mynhardt Complaint.

    B. The Chapter Member Defendants are not "Insureds" under the Policy, and, therefore, are not entitled to a defense or indemnity under the Policy with regard to the Mynhardt Complaint.

    C. That all insurance coverage for the Chapter and Chapter Member Defendants is excluded pursuant to the Violations of Fraternity Alcohol Policy Exclusion.

    D. That all insurance coverage for the Chapter and Chapter Member Defendants is excluded pursuant to the Assault and Battery Exclusion.

    E. That Liberty may withdraw the defense currently being afforded the Chapter and certain Chapter Member Defendants.

F. That, in the alternative, Liberty provides only excess insurance coverage and is not liable to provide a defense or indemnification under the Policy until any primary insurance policy is exhausted.

## II. Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.A. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this suit occurred in the Middle District of North Carolina.

## III. The Parties

5. Plaintiff Liberty is a United Kingdom corporation, and is a citizen and resident of the United Kingdom. Liberty exists and was incorporated and formed under the laws of the United Kingdom, with its principal place of business at Fifth Floor, One Minster Court, Mincing Lane, London, EC3R7AA. Liberty files this action individually, and not in a representative capacity.

6. The Chapter is the local chapter of the Lambda Chi Alpha fraternity located at Elon University ("Elon").

7. John Ferrell Cassady ("Cassady") is a member of the Lambda Chi Alpha fraternity, and is alleged to have caused and/or contributed to Mynhardt's injuries. On information and belief Cassady was a student at Elon at the time of the

3

incidents alleged in the Mynhardt Complaint. On information and belief, Cassady is a resident of North Carolina.

8. Charles Kenneth Caldwell ("Caldwell") is a member of the Lambda Chi Alpha fraternity and is alleged to have caused and/or contributed to Mynhardt's injuries. On information and belief Caldwell was a student at Elon at the time of the incidents alleged in the Mynhardt. On information and belief, Caldwell is a resident of North Carolina.

9. Linwood Brady Long ("Long") is a member of the Lambda Chi Alpha fraternity, and was allegedly involved in the events leading up to and contributing to Mynhardt's injuries. On information and belief Long was a student at Elon at the time of the incidents alleged in the Mynhardt Complaint. On information and belief, Long is a resident of North Carolina.

10. Brian Thomas McElroy ("McElroy") is a member of the Lambda Chi Alpha fraternity, and was allegedly involved in the events leading up to and contributing to Mynhardt's injuries. On information and belief McElroy was a student at Elon at the time of the incidents alleged in the Mynhardt Complaint. On information and belief, McElroy is a resident of North Carolina.

11. Robert Lawrence Olson, also known as Robert S. Olson, Jr., ("Olson"), is a member of the Lambda Chi Alpha fraternity, and was allegedly involved in the events leading up to and contributing to Mynhardt's injuries. On information and belief Olson was a student at Elon at the time of the incidents alleged in the

Mynhardt Complaint. On information and belief, Olson is a resident of New Jersey and/or Nevada.

12. John Lee Mynhardt was allegedly injured at an off campus party. On information and belief Mynhardt was a student at Elon at the time of the incidents alleged in the Mynhardt Complaint. On information and belief, Mynhardt is a resident of North Carolina.

### IV. Factual Background

13. Liberty incorporates by reference the allegations of all preceding paragraphs as though plead here.

14. On February 3, 2007, Mynhardt was allegedly injured while attending a party at 211 N. Lee Avenue, Elon, North Carolina ("211 N. Lee").

15. The Mynhardt Complaint alleges that on the night of his injuries, Mynhardt attended an "open party" located at 211 N. Lee.

16. The Mynhardt Complaint alleges that the Chapter and Chapter Member Defendants hosted this party as an informal fraternity party designed to recruit and attract new and potential members and at which uninvited guests were allowed to enter and drink alcoholic beverages, including a keg of beer purchased by Defendant Olsen.

17. Mynhardt alleges he was forcibly ejected from the party by Clinton Joseph Blackburn, with the assistance of Defendant Cassidy.

18. Blackburn was not a member of the fraternity.

19. Mynhardt alleges that at one point during his altercation with Blackburn, Mynhardt fell or was thrown to the kitchen floor, became injured and could not sit up.

20. Mynhardt alleges Defendants Cassady, Caldwell, Long, and/or Hartness, and Blackburn then negligently attempted to move Mynhardt when he was unable to move on his own and in spite of Mynhardt's continued protests.

21. On June 5, 2008 Mynhardt filed a lawsuit seeking money damages for these injuries.

22. Defendants in the Mynhardt Complaint include the National Organization, the Chapter, the Chapter Member Defendants, Elon, and certain other individuals not named in this declaratory judgment action.

23. Underwriters at Lloyd's, London has been defending the Chapter and Defendant Olson against the allegations in the Mynhardt Complaint subject to a reservation or rights. On information and belief, the other Chapter Member Defendants are being defended by their homeowners' insurers and Underwriters have reserved their rights with regard to any coverage that may be afforded.

### V. The Policy

24. Liberty incorporates by reference the allegations of all preceding paragraphs as though plead here.

25. Pursuant to the Policy, No. 07JFR333-02-L, Liberty is one of several Lloyd's, London Underwriters participating in an insurance policy providing general

6

liability insurance to the National Organization in the amount of $1,000,000 per occurrence, $2,000,000 in the aggregate for the policy period February 1, 2007 to February 1, 2008.  The Policy is subject to a $250,000 deductible both per occurrence and in the aggregate.  The Policy is subscribed 100% by Certain Underwriters as Lloyd's, London listed on the schedule.  Liability under the Policy is several, and not joint, between the individual Lloyd's subscribers.  Liberty subscribed to a twenty five percent risk under the Policy.  Liberty's total potential indemnity exposure for the Mynhardt Complaint is $250,000.

26. The National Organization is a national fraternal organization operating as an Indiana not-for-profit corporation with a principle place of business in Indianapolis, Indiana.  The National Organization maintains local chapters at various colleges and universities, including the Chapter at Elon.

27. The Policy provides primary liability insurance to the National Organization, and excess liability coverage to the Chapter and the Chapter Member Defendants, provided, among other things, that the Chapter and Chapter Member Defendants meet the definition of an "insured" under the Policy and no coverage exclusions apply.  As noted above, a true and accurate copy of the Policy is attached hereto as Exhibit A.

28. As an initial matter, any coverage which may exist for the Chapter and/or the Chapter Member Defendants is only excess of any primary insurance available to them.  The Policy states:

7

**SECTION IV – GENERAL LIABILITY CONDITIONS**

**4.     Excess Insurance**

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis including but not limited to the following types of insurance:

> (3) Homeowners, Automobile or any other insurance of "Chapters", "Colonies" or "Undergraduate Insureds";

We will have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. . . . [and] no duty to defend the insured in any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Policy, § IV (4).

**FRATERNITY/SORORITY ADDITIONAL DEFINITIONS**

"Chapters" and "Colonies" means: those undergraduate organizations that are organized, chartered, or recognized by and whose affiliation with the "Named Insureds" is acknowledged to exist by the governing body of the First Named Insured at the time of the loss.

"Undergraduate Insureds" means: individuals who are undergraduate collegiate students that are officers, members, or member candidates, that are affiliated with a "Chapter" or "Colony" whose affiliation with the "Named Insureds" is acknowledged to exist by the governing body of the First Named Insured at the time of the loss.

"Individual Insureds" means: individuals other than "Undergraduate Insureds", including but not limited to volunteers, advisors, house directors, or house mothers, and agents or other personnel of the "Named Insureds" or of a "Chapter", "Colony", "Housing Organization", or "Alumni Organization" whose affiliation with the "Named Insureds" or a "Chapter", "Colony" "Housing Organization", or "Alumni

8

Organization" is acknowledged to exist by the governing
body of the First Named Insured at the time of the loss.

<u>Policy</u>, <u>Fraternity/Sorority Additional Definitions</u>, Endorsement JRF-FSL-063.

29. The Chapter Member Defendants are "Undergraduate Insureds" under the Policy. Therefore, any possible insurance afforded to them excess of any primary policy. As such, assuming coverage is afforded, which is not the case here, Liberty has no obligation to any Chapter Member Defendant until his primary insurance coverage is exhausted.

30. Likewise, the Chapter is a "Chapter" under the Policy, and any possible insurance afforded to it is excess of any primary policy. As such, assuming coverage is afforded, which is not the case here, Liberty has no obligation to the Chapter until its primary insurance is exhausted.

31. To qualify for excess liability coverage under the Policy, however, the Chapter and each individual Chapter Member Defendant must *first* qualify as an "insured" under the Policy.

32. The Policy provides that "Chapters" and "Undergraduate Insureds" are insureds "only while acting in accordance with the "Named Insureds" policies and procedures and their own policies and procedures, and only while acting within the scope of their duties, and only with respect to their liability for activities performed by them on behalf of the "Named Insureds", or of insured "Chapters", "Colonies", "Housing Organizations", or "Alumni Organizations". <u>Policy</u>, Endorsement JRF-FSL-064 (adding to <u>Policy</u>, § II).

9

33. The National Organization is the "Named Insured" under the Policy.

34. The National Organization's risk management policies in effect at the time of the party and Mynhardt's injuries set forth strict rules regarding parties and alcohol. These rules prohibit kegs of beer, underage drinking, and open parties, which are characterized as parties open to uninvited guests. The rules also strictly prohibit use of alcohol for recruiting purposes.

35. Both the allegations in the Mynhardt Complaint, and discovery in the Underlying Action, establish that neither the Chapter nor the Chapter Member Defendants followed the procedures set forth in the National Organization's risk management policies. Moreover, the party at which Mynhardt allegedly received his injuries was not a fraternity event. As such, neither the Chapter nor the Chapter Member Defendants were acting in accordance with fraternity policies and procedures, within the scope of their duties, or on behalf of the National Organization at the party. Therefore, they do not qualify as "insureds" under the Policy for any of the claims made in the Mynhardt Complaint.

36. Although Liberty maintains this was not a fraternity event, even if it were, the Policy also excludes coverage as follows:

> **I. SPECIAL ADDITIONAL EXCLUSION – "VIOLATION OF FRATERNITY ALCOHOL POLICY"**
>
> No insurance coverage afforded by this policy shall apply to any "Chapter", "Colony" or "Undergraduate Insureds" for any claim arising out of or in any way resulting from any "Violation" or "Fraternity Alcohol Policy".

10

## II.     ADDITIONAL DEFINITIONS

"Fraternity Alcohol Policy" means: The written rules, regulations, or procedures regarding alcohol which are established by the First Named Insured and the "Chapter" or "Colony" at the time of the loss.

"Violation" means: Determination by the executive board of the First Named Insured, or legal authority that some breaking, infraction, or breach of "Fraternity Alcohol Policy" occurred.

Policy, Endorsement # E, JRF-FSL-080.

37. As stated above, the National Organization's risk management policies prohibit kegs of beer and underage consumption of alcohol at off-campus parties. Open parties are also prohibited. The Chapter Member defendants served alcoholic beverages at the party held on February 3, 2007, including but not limited to a keg of beer purchased and supplied by Defendant Olsen. The party was also "open" in violation of the fraternity's alcohol policies.

38. As a result, the Chapter Member Defendants committed Violations of Fraternity Alcohol Policy within the meaning of the Policy.

39. In addition, the allegations alleged in the Mynhardt Complaint arose out of or resulted from the "Violation" of "Fraternity Alcohol Policy".

40. Accordingly, there is no coverage under the Policy for either the Chapter or the Chapter Member Defendants.

41. The Policy also excludes coverage as follows:

11

### I. SPECIAL ADDITIONAL EXCLUSION – "ASSAULT AND / OR BATTERY"

No insurance coverage afforded by this policy shall apply to any insured for any claim arising out of or in any way resulting from any "Assault and / or Battery".

This exclusion applies only to any insured that directs others to participate, and / or participates in the excluded act.

### II. ADDITIONAL DEFINITION

"Assault and / or Battery" means: The terms defined by the state statutes of the state in which any such claim is presented.

42. Mynhardt's injuries, as alleged in the Mynhardt Complaint, arose out of and resulted from assault and battery.

43. Accordingly, there is no coverage under the Policy.

WHEREFORE, Liberty respectfully requests this Court enter an Order and Judgment declaring:

   a. That the Chapter is not an "Insured" under the Policy and, therefore, is not entitled to a defense or indemnity under the Policy with regard to the Mynhardt Complaint.

   b. That the Chapter Member Defendants are not "Insureds" under the Policy, and, therefore, are not entitled to a defense or indemnity under the Policy with regard to the Mynhardt Complaint.

12

c. That coverage is excluded under the Policy to both the Chapter and Chapter Member Defendants pursuant to the Violations of Fraternity Alcohol Policy Exclusion.

d. That coverage is excluded under the Policy to the Chapter, the Chapter Member Defendants, and specifically Defendant Cassady pursuant to the Assault and/or Battery Exclusion in the Policy.

e. Liberty may withdraw the defense it is providing to the Chapter and Olson.

f. That, in the alternative, Liberty provides only excess insurance coverage and is not liable to provide a defense or indemnification under the Policy until any primary insurance policy is exhausted.

This the 2nd day of October, 2009.

/s/ Andrew L. Fitzgerald
Stan B. Green
N.C. State Bar No. 25539
Andrew L. Fitzgerald
N.C. State Bar No. 31522
Strauch, Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, NC  27101
Telephone:  (336) 725-8688
Facsimile: (336) 725-8867
afitzgerald@sfandglaw.com
sgreen@sfandglaw.com
*Attorneys for Plaintiff*

13