Exhibit A

November 2, 2009 Letter

PAUL FRANK + COLLINS P.C.

Nolan C. Burkhouse
Direct Dial: 802.860.4107
nburkhouse@PFClaw.com

November 2, 2009

**VIA U.S. MAIL**

Mr. Robert Hobbs
President
Delta Pi Chapter, Lambda Chi Alpha
2975 Campus Box
Elon College
Elon, NC 27244-2009

Re: *Liberty Corporate Capital, Ltd. v. Cassady, et al.,* **Civil Action No. 1:09-CV-765**

Dear Mr. Hobbs:

I am counsel for Liberty Corporate Capital, Ltd. ("Liberty") which is one of the Underwriters subscribing to an insurance policy issued to Lambda Chi Alpha Inc. (the "National Fraternity"). I understand that you are the current President of the Delta Pi Chapter of Lambda Chi Alpha at Elon College (the "Chapter") and write to you in your capacity as such. If you are no longer Chapter president, please advise me immediately.

As you know, Lee Mynhardt has filed a lawsuit against the Chapter and others entitled: *Mynhardt v. Elon University, Lambda Chi Alpha, Inc., et al.*, County of Alamance, N.C., File No. 08 CVS 3760 (the "Mynhardt litigation"). The Chapter is currently being defended in the Mynhardt litigation under a reservation of rights as set forth in a letter to the Chapter dated November 21, 2008 (addressed to then-President Andrew Youssef).

We have been following the Mynhardt litigation and believe that the undisputed facts developed there establish that the Chapter and the undergraduate members who are parties to the Mynhardt litigation are not covered under the National Fraternity's insurance policy. Liberty has, therefore, filed a declaratory judgment action in the Middle District of North Carolina against the Chapter and others to confirm there is no coverage and withdraw any defense being provided.

I enclose herewith a copy of the Complaint that Liberty filed, as well as a request for waiver of service of summons. Please let me know if you will accept this request on behalf of the Chapter. If you will not, please let me know as soon as possible and we will effectuate service by normal means.

ATTORNEYS AT LAW | www.PFClaw.com

One Church Street   P.O. Box 1307   Burlington, VT 05402-1307   phone 802.658.2311   fax 802.658.0042
*A Member of TerraLex® The Worldwide Network of Independent Law Firms*

Case 1:09-cv-00765-CCE-LPA   Document 19-3   Filed 03/04/10   Page 2 of 5

Mr. Robert Hobbs, President
Lambda Chi Alpha, Delta Pi Chapter
November 2, 2009
Page 2

Very truly yours,

PAUL FRANK + COLLINS P.C.

Nolan C. Burkhouse

NCB:mlp

Enclosures

cc:	Joseph Williford, Esq.
	Young, Moore and Henderson, P.A.
	3101 Glenwood Ave.
	P.O. Box 31627
	Raleigh, NC 27622

cc via email:	Brian L. Poust - BPoust@ccmsi.com
	Stan Green, Esq. - sgreen@sfandglaw.com

780214_v1: 8063-00050

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Robert Hobbs

as (B) President of (C) Delta Pi Chapter, Lambda Chi Alpha

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Middle District of North Carolina

and has been assigned docket number (E) 1:09-cv-00765-UA-WWD.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

    If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request Is being sent to you on behalf of the plaintiff, this 2nd day of November, 2009.

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F- Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

AO 399 (Rev. 10/95)



# **WAIVER OF SERVICE OF SUMMONS**

TO: __Robert Hobbs, President, Delta Chi Chapter__
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, __Robert Hobbs__ , acknowledge receipt of your request

that I waive service of summons in the action of __Liberty Corporate Capital, Ltd. v. Delta Pi Chap__
(Caption of Action)

which is case number __1:09-cv-00765-UA-WWD__ in the UNITED STATES DISTRICT COURT
(Docket Number)

for the MIDDLE DISTRICT OF NORTH CAROLINA.

    I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __November 2, 2009__ , or within 90 days
(Date Request Was Sent)
after that date if the request was sent outside the United States.

_____  _____
Date                          Signature

                                     _____
                                       Printed/Typed Name

                                       _____
                                       For Defendant

Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.