Exhibit B

Chapter's Waiver of Service of Summons

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Robert Hobbs, President, Delta Chi Chapter__
(Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I, __Robert Hobbs__, acknowledge receipt of your request that I waive service of summons in the action of __Liberty Corporate Capital, Ltd. v. Delta Pi Chap__
(Caption of Action)

which is case number __1:09-cv-00765-UA-WWD__ in the UNITED STATES DISTRICT COURT
(Docket Number)

for the MIDDLE DISTRICT OF NORTH CAROLINA.

I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __November 2, 2009__, or within 90 days
(Date Request Was Sent)
after that date if the request was sent outside the United States.

__12/7/2009__
Date

Signature: [signed]

Printed/Typed Name: Christopher S. Markwood (New President of Delta P. Chapter of Lambda Chi Alpha)

For Defendant

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL, LTD., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> DELTA PI CHAPTER OF LAMBDA CHI ) <br> ALPHA, JOHN FERRELL CASSADY, ) <br> CHARLES KENNETH CALDWELL, ) <br> LINWOOD BRADY LONG, ) <br> BRIAN THOMAS MCELROY, ) <br> ROBERT LAWRENCE OLSON, ALSO KNOWN ) <br> AS ROBERT S. OLSON, JR., AND ) <br> JOHN LEE MYNHARDT ) <br> ) <br> Defendants ) | Civil Action No. 1:09-cv-00765-WWD |

## CERTIFICATE OF SERVICE

I hereby certify that on December 4th, 2009, I electronically filed *Christopher S. Markwood's (President, Delta Chi Chapter), Waiver of Service of Summons* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Andrew Fitzgerald, Esq. – afitzgerald@sandflaw.com
    Stanley B. Green, Esq. – sgreen@sandflaw.com

and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

Mr. A.L. Butler Daniel, Esq.
Anderson, Daniel & Associates
232 Causeway Drive, Suite 2-1
P.O. Box 1309
Wrightsville Beach, NC 28480

-and-

Michael Scott Petty, Esq.
P.O. Box 2298
Raleigh, NC 27602
*Attorneys for John Lee Mynhardt*

Mr. Gregory A. Wendling, Esq.
426 West Friendly Avenue, Suite A
Greensboro, North Carolina 27401
*Attorney for Brian McElroy*

Mr. Robert L. Olson
132 East Fort Avenue
Baltimore, MD 21230-4513

Mr. Joseph T. Carruthers, Esq.
Carruthers & Bailey
155 Sunnynoll Court, Suite 102
Winston-Salem, NC 27106
*Attorney for Charles Caldwell*

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
BURLINGTON, VERMONT
PLATTSBURGH, NEW YORK

Richard L. Pinto, Esq.  
Pinto, Coates, Kyre & Brown, PLLC  
3203 Brass Field Road  
P.O. Box 4848  
Greensboro, NC 27410  
*Attorney for John Ferrell Cassady*

Jim Phillips, Esq. and John Buford, Esq.  
Brooks Pierce Law Firm  
2000 Renaissance Plaza  
230 North Elm Street  
Greensboro, NC 27401  
*Attorneys for Linwood Brady Long*

Mr. Robert Hobbs  
President  
Delta Pi Chapter, Lambda Chi Alpha  
2975 Campus Box  
Elon College  
Elon, NC 27244-2009

DATED: 12/14th/09

Respectfully submitted,

/s/ Nolan C. Burkhouse  
Nolan C. Burkhouse, Esq.  
Paul Frank + Collins P.C.  
P.O. Box 1307  
Burlington, VT 05402-1307  
Phone: (802) 658-2311  
Email: nburkhouse@pfclaw.com

792270_v1: 8063-00050

PAUL FRANK + COLLINS P.C.  
ATTORNEYS AT LAW  
BURLINGTON, VERMONT  
PLATTSBURGH, NEW YORK