UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> DELTA PI CHAPTER OF LAMBDA CHI ALPHA, JOHN FERRELL CASSADY, CHARLES KENNETH CALDWELL, LINWOOD BRADY LONG, BRIAN THOMAS McELROY, ROBERT LAWRENCE OLSON, ALSO KNOWN AS ROBERT S. OLSON, JR., AND JOHN LEE MYNHARDT, <br><br> Defendants. | Civil Action No. 1:09-CV-765 |

## ANSWER

COMES NOW Defendant Delta Pi Chapter of Lambda Chi Alpha ("Chapter"), by and through its counsel, answering the Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiff Liberty Corporate Capital, Ltd. ("Plaintiff"), and hereby states as follows:

### I. Nature of the Action

1. Paragraph 1 of the Complaint contains no allegation of fact or law for which an admission or denial is required. To the extent Paragraph 1 of the Complaint requires an admission or denial, Chapter incorporates each and every response set forth herein. Further, it is expressly denied that the Third Amended Complaint filed by Defendant John Lee Mynhardt (the "Mynhardt Complaint") asserts a claim of assault. Further, upon information and belief, the Mynhardt Complaint referenced in and attached to the Complaint has been amended and a new Fourth Amended Complaint has been filed but not yet served.

2. Chapter denies the allegations contained in Paragraph 2 of the Complaint and further denies the allegations contained in each of the subparts (Paragraph 2A through Paragraph 2F) to Paragraph 2 of the Complaint.

## II. Jurisdiction and Venue

3. Chapter admits the allegations contained in Paragraph 3 of the Complaint.

4. Chapter admits the allegations contained in Paragraph 4 of the Complaint.

## III. Parties

5. Upon information and belief, Chapter admits the allegations contained in Paragraph 5 of the Complaint.

6. Chapter admits the allegations contained in Paragraph 6 of the Complaint.

7. Upon information and belief, Chapter admits that Defendant John Ferrell Cassady ("Defendant Cassady") was a member of the Lamda Chi Alpha fraternity. Chapter further admits that, upon information and belief, Defendant Cassady was a resident of North Carolina and was a student at Elon University at the time of the incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 7 of the Complaint.

8. Upon information and belief, Chapter admits that Defendant Charles Kenneth Caldwell ("Defendant Caldwell") was a member of the Lamda Chi Alpha fraternity. Chapter further admits that, upon information and belief, Defendant Caldwell is a resident of North Carolina and was a student at Elon University at the time of the incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 8 of the Complaint.

9. Upon information and belief, Chapter admits that Defendant Linwood Brady Long ("Defendant Long") was a member of the Lamda Chi Alpha fraternity. Chapter further admits that, upon information and belief, Defendant Long is a resident of North Carolina and was a student at Elon University at the time of the incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 9 of the Complaint.

10. Upon information and belief, Chapter admits that Defendant Brian Thomas McElroy ("Defendant McElroy") was a member of the Lamda Chi Alpha fraternity. Chapter further admits that, upon information and belief, Defendant McElroy is a resident of North Carolina and was a student at Elon University at the time of the incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 10 of the Complaint.

11. Upon information and belief, Chapter admits that Defendant Robert Lawrence Olson ("Defendant Olson") was a member of the Lamda Chi Alpha fraternity. Chapter further admits that, upon information and belief, Defendant Olson is a resident of New Jersey and/or Nevada and was a student at Elon University at the time of the incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 11 of the Complaint.

12. Upon information and belief, Chapter admits that Defendant John Lee Mynhardt ("Defendant Mynhardt") is a resident of North Carolina and was a student at Elon University at the time incident alleged in the Mynhardt Complaint. Chapter denies all further and contrary allegations contained in Paragraph 12 of the Complaint.

STB 2067043v1

## IV. Factual Background

13. In response to the allegations contained in Paragraph 13 of the Complaint, Chapter incorporates herein each and every response set forth above.

14. Upon information and belief, Chapter admits the allegations contained in Paragraph 14 of the Complaint to the extent that Mynhardt alleges in the Mynhardt Complaint he was so injured. All further and contrary allegations contained in Paragraph 14 of the Complaint are denied and Plaintiff is left to the strictest proof.

15. The Mynhardt Complaint, in its entirety, speaks for itself. Except as expressly admitted herein, the remaining allegations contained in Paragraph 15 of the Complaint are denied as alleged and Plaintiff is left to the strictest proof.

16. The Mynhardt Complaint, in its entirety, speaks for itself. Except as expressly admitted herein, the remaining allegations contained in Paragraph 16 of the Complaint are denied as alleged and Plaintiff is left to the strictest proof.

17. The Mynhardt Complaint, in its entirety, speaks for itself. Except as expressly admitted herein, the remaining allegations contained in Paragraph 17 of the Complaint are denied as alleged and Plaintiff is left to the strictest proof.

18. Upon information and belief, Chapter admits the allegations contained in Paragraph 18 of the Complaint.

19. The Mynhardt Complaint, in its entirety, speaks for itself. Except as expressly admitted herein, the remaining allegations contained in Paragraph 19 of the Complaint are denied as alleged and Plaintiff is left to the strictest proof.

20. The Mynhardt Complaint, in its entirety, speaks for itself. Except as expressly admitted herein, the remaining allegations contained in Paragraph 20 of the Complaint are denied as alleged and Plaintiff is left to the strictest proof.

21. Chapter admits the allegations contained in Paragraph 21 of the Complaint.

22. Chapter admits the allegations contained in Paragraph 22 of the Complaint.

23. Chapter is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint; therefore, the allegations are denied and Plaintiff is left to the strictest proof.

### V. The Policy

24. In response to the allegations contained in Paragraph 24 of the Complaint, Chapter incorporates herein each and every response set forth above.

25. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 25 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

26. Upon information and belief, Chapter admits the allegations contained in Paragraph 26 of the Complaint.

27. The insurance policy at issue speaks for itself. Chapter admits that the insurance policy at issue provides primary liability insurance to the National Organization (as defined in the Complaint), Chapter, and the Chapter Member Defendants (as defined in the Complaint). Chapter denies all further and contrary allegations contained in Paragraph 27 of the Complaint.

28. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 28 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

29. Chapter denies the allegations contained in Paragraph 29 of the Complaint.

30. Chapter denies the allegations contained in Paragraph 30 of the Complaint.

31. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 31 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

32. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 32 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

33. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 33 of the Complaint require an answer, Chapter admits the claim.

34. It is admitted that the National Organization (as defined in the Complaint) had certain risk management policies in effect at the times relevant hereto. All further and contrary allegations contained in Paragraph 34 of the Complaint are denied and Plaintiff is left to the strictest proof.

35. Chapter denies the allegations contained in Paragraph 35 of the Complaint.

36. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 36 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

37. The allegations of the Mynhardt Complaint are varied, multiple, and at times inconsistent or pled alternatively. Further, discovery in the Mynhardt Complaint has also produced great factual disputes and disparity, and discovery is not yet closed. Therefore, Chapter denies the allegations contained in Paragraph 37 of the Complaint and Plaintiff is left to the strictest proof.

38. The allegations of the Mynhardt Complaint are varied, multiple, and at times inconsistent or pled alternatively. Further, discovery in the Mynhardt Complaint has also produced great factual disputes and disparity, and discovery is not yet closed. Therefore, Chapter denies the allegations contained in Paragraph 38 of the Complaint and Plaintiff is left to the strictest proof.

39. The allegations of the Mynhardt Complaint are varied, multiple, and at times inconsistent or pled alternatively. Further, discovery in the Mynhardt Complaint has also produced great factual disputes and disparity, and discovery is not yet closed. Therefore, Chapter denies the allegations contained in Paragraph 39 of the Complaint and Plaintiff is left to the strictest proof.

40. Chapter denies the allegations contained in Paragraph 40 of the Complaint.

41. The insurance policy at issue speaks for itself; however, to the extent the allegations contained in Paragraph 41 of the Complaint require an answer, Chapter denies the claim and Plaintiff is left to the strictest proof.

42. Chapter denies the allegations contained in Paragraph 42 of the Complaint.

43. Chapter denies the allegations contained in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, Mynhardt in the Mynhardt Complaint has been given leave to file a Fourth Amended Complaint. This newly amended complaint has not yet been served on Chapter, and Chapter reserves all rights to amend or supplement this Answer based upon the Fourth Amended Complaint. Further, this newly amended complaint renders this instant Declaratory Judgment action premature and moot.

2. Discovery with respect to the Mynhardt Complaint has not yet closed. Chapter reserves all rights to amend or supplement this Answer based upon outstanding discovery concerning the Mynhardt Complaint. Further, as the complete factual record in the underlying state court action remains open and incomplete, this action is premature.

3. Plaintiff has requested that this Court make a determination as to coverage of loss under the Mynhardt Complaint before factual and legal allegations underlying the Mynhardt Complaint have been resolved by the court in that civil action. In so doing, Plaintiff has prematurely assumed the role of judge and jury in the lawsuit instituted by Mynhardt. Chapter is entitled to a judgment and/or findings of fact on the varied, disparate, and inconsistent claims alleged in the Mynhardt Complaint before the Court considers Declaratory Judgment.

WHEREFORE, Chapter prays that the Court dismiss the Complaint filed against it by Plaintiff and award it such other and further relief as the Court deems just and proper.

This the 19th day of March, 2010.

DELTA PI CHAPTER OF LAMBDA CHI ALPHA

/s/ Jeffrey D. Patton
Jeffrey D. Patton, NCSB #21246
Spilman Thomas & Battle, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone: 336-725-4710 Facsimile: 336-725-4476
jpatton@spilmanlaw.com

/s/ Erin Jones Adams
Erin Jones Adams, NCSB #36858
Spilman Thomas & Battle, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone: 336-725-4710
eadams@spilmanlaw.com

*Attorneys for Defendant Delta Pi Chapter of Lambda Chi Alpha*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2010, I electronically filed *Answer by Defendant Delta Pi Chapter of Lambda Chi Alpha* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Andrew Fitzgerald, Esq. – afitzgerald@sandflaw.com
      Stanley B. Green, Esq. – sgreen@sandflaw.com
      Michael Scott Petty, Esq. – mpetty@michaelpettylaw.com
      Richard L. Pinto, Esq. – rpinto@pckb-law.com
      Nolan C. Burkhouse, Esq. – nburkhouse@pfclaw.com
      A.L. Butler Daniel, Esq. - bdaniel@butlerdaniellaw.com

and I certify that I have mailed the document to the following non-CM/ECF participants:

Mr. Gregory A. Wendling
426 West Friendly Avenue, Suite A
Greensboro, NC 27401
*Attorney for Brian McElroy*

Jim Phillips, Esq. and
John Buford, Esq.
Brooks Pierce Law Firm
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
*Attorneys for Linwood Brady Long*

Mr. Robert Olson
132 East Fort Avenue
Baltimore, MD 21230-4513

Mr. Joseph T. Carruthers
Carruthers & Bailey
155 Sunnynoll Court, Suite 102
Winston-Salem, NC 27106
*Attorney for Charles Caldwell*

Mr. Robert Hobbs, President
Delta Pi Chapter, Lambda Chi Alpha
2975 Campus Box
Elon College
Elon, NC 27244-2009

      Respectfully submitted,

      /s/ Erin Jones Adams
      Erin Jones Adams, NCSB #36858
      Spilman Thomas & Battle, PLLC
      110 Oakwood Drive, Suite 500
      Winston-Salem, NC 27103
      Telephone: 336-725-4710
      Facsimile: 336-725-4476
      eadams@spilmanlaw.com