FILED

STATE OF NORTH CAROLINA MAR 18 AM II: 58     IN THE GENERAL COURT OF JUSTICE
COUNTY OF ALAMANCE            )       SUPERIOR COURT DIVISION

ALAMANCE COUNTY, C.S.C.

JOHN LEE MYNHARDT,         )       File No. 08 CVS 3760
       Plaintiff, BY ___ ___ ___   )
                           )
     vs.                        )
                           )
                           )
ELON UNIVERSITY, LAMBDA CHI ALPHA, )      **FOURTH AMENDED**
INC., DELTA PI CHAPTER OF LAMBDA    )        **COMPLAINT**
CHI ALPHA, AND CLINTON JOSEPH     )
BLACKBURN, JOHN FERRELL CASSADY,   )      **(Jury Trial Demanded)**
CHARLES KENNETH CALDWELL, JR.,     )
DAVID WILLIAMSON WELLS, LINWOOD   )
BRADY LONG, BRIAN THOMAS McELROY, )
WILLIAM JOSEPH HARTNESS, ROBERT    )
LAWRENCE OLSON, also known as ROBERT )
S. OLSON, JR.,                    )
        Defendants.         )

NOW COMES the Plaintiff, John Lee Mynhardt, complaining of defendants, who alleges and states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff John Lee Mynhardt is a United States citizen, who was and is a North Carolina resident.

2.      Defendant Elon University is a private co-educational university located in Elon, North Carolina.

3.      Defendant Lambda Chi Alpha, Delta Pi Chapter, is an unincorporated general social fraternity which maintains an active chapter at Elon University, Elon, Alamance County, North Carolina. Such Chapter is and was at all times mentioned herein a sanctioned chapter of Lambda Chi Alpha with the full endorsement and approval of Lambda Chi Alpha, Inc. Such

chapter is composed of members who are college students enrolled at Elon University and is operated, conducted and managed through various member officers and committees, including but not limited to, a High Alpha, High Beta, High Theta, High Epsilon, High Iota, High Pi, House Manager, Risk Management Task Force, and others.

4.     Lambda Chi Alpha, Inc. is a non-profit corporation organized and existing under and pursuant to the laws of the State of Indiana, and is the parent and governing organization for all Lambda Chi Alpha chapters and which controlled and directed what actions, policies and procedures each sanctioned chapter, including the Delta Pi Chapter at Elon University, adopted. Communications with the Delta Pi Chapter of Lambda Pi Alpha and 9 other North Carolina chapters were through the use of interstate internet and telephone electronic transmissions and interstate mail. As a result of such actions, Lambda Chi Alpha has engaged in minimum contacts within the State of North Carolina.

5.     Defendant Clinton Joseph Blackburn (hereinafter "Blackburn") is a resident of Guilford County, North Carolina.

6.     Defendant John Ferrell Cassady (hereinafter "Cassady") is a resident of North Carolina.

7.     Defendant Charles Kenneth Caldwell (hereinafter "Caldwell") is a resident of North Carolina.

8.     Defendant David Williamson Wells (hereinafter "Wells") is a resident of North Carolina.

9.     Defendant Linwood Brady Long (hereinafter "Long") is a resident of North Carolina.

Case 1:09-cv-00765-CCE-LPA   Document 54-2   Filed 02/20/12   Page 2 of 31

10.     Defendant Brian Thomas McElroy (hereinafter "McElroy") is a resident of North Carolina.

11.     Defendant Caldwell was commonly known as "Chad" Caldwell.

12.     Defendant William Joseph Hartness (hereinafter "Hartness") is a resident of Greensboro, Guilford County, North Carolina.

13.     Upon information and belief, defendant Robert Lawrence Olson, also known as Robert S. Olson, Jr. (hereinafter "Olson") is a resident of New Jersey and/or Nevada.

14.     Upon information and belief, defendants Cassady, Caldwell, Wells, Long, McElroy, Hartness and Olson were members of the Delta Pi Chapter or other chapter of Lambda Chi Alpha fraternity, and held positions as officers, chairmen, or members of fraternity committees.

15.     Upon information and belief, on the date of the incident complained of herein, defendants Cassady, Wells and McElroy all resided at 211 N. Lee Ave.

16.     On the date of the incident complained of herein, the house at 211 N. Lee Ave. and rented by defendants Cassady, Wells and McElroy was used for Lambda Chi Alpha fraternity social events and parties, and contained Lambda Chi Alpha fraternity signs, insignia and emblems, all of which were prominently displayed in and about the house.

## FACTS

17.     On or about February 3, 2007, plaintiff was a full-time student attending Elon University in Elon, North Carolina.

18.     In the early morning hours of February 3, 2007, plaintiff, while accompanied by fellow Elon University student, Mary Kate Kelly (hereinafter "Kelly"), entered a party at the

3

residence of defendant Cassady at 211 N. Lee Ave. Also entering were Elon University students, Alex Betsweizer and Brett Buckman.

19.     The 211 N. Lee Avenue property was a house located either in or within yards of the Elon University Campus, and within the jurisdiction of Elon University Campus Police.

20.     At the time of the party described herein, defendants Cassady and Olson were as or had been officers of the Delta Pi Chapter of Lambda Chi Alpha fraternity.

21.     During 2006 and 2007, multiple Lambda Chi Alpha fraternity social functions or parties had been held at the 211 N. Lee Ave. house and at other off-campus locations.

22.     During the evening hours of February 2, 2007 and into the early morning hours of February 3, 2007, the Delta Pi Chapter of Lambda Chi Alpha, by and through its members, particularly defendant Cassady and his roommates, held an ostensibly open, social party in the 211 N. Lee Ave. house, whereby uninvited guests were allowed to enter, and alcoholic beverages were served.

23.     During such social party, defendant Olson was one of the hosts of such party and had purchased the keg of beer that was on the premises.

24.     February 2, 2007 was in the time frame that the Delta Pi Chapter of Lambda Chi Alpha was beginning to recruit and attempting to attract new and potential members for its chapter membership at Elon University.

25.     The aforementioned party was an informal fraternity party of the Delta Pi Chapter of Lambda Chi Alpha.

26.     Sometime in the morning hours of Saturday, February 3, 2007, plaintiff and Kelly went into the bathroom of the house at 211 N. Lee Avenue.

4

27.     While plaintiff and Kelly were inside the bathroom, defendants Cassady and/or Blackburn forcibly opened the door of the bathroom for the purpose of ejecting plaintiff from the fraternity party, in compliance with university and fraternity policies that uninvited guests not be allowed in fraternity parties.

28.     Moments after the bathroom door was forcibly opened, plaintiff voluntarily exited the bathroom whereupon he was immediately confronted by defendant Cassady.

29.     While plaintiff was facing defendant Cassady, defendant Blackburn grabbed plaintiff from behind and began forcibly moving plaintiff towards the side kitchen door.

30.     At some point while plaintiff was being negligently moved through the house, defendant Cassady went to the side kitchen door and opened it, to make defendant Blackburn's efforts to forcibly remove plaintiff from the house easier, and to otherwise orchestrate, direct and control the forceful removal of plaintiff from the residence.

31.     At no time did plaintiff threaten, assault, or lay hands on anyone at the party.

32.     At some point while plaintiff was being negligently ejected out the door by defendants Cassady and Blackburn, either they fell or plaintiff was thrown to the kitchen floor.

33.     As a result of the fall, plaintiff became injured and could not sit up.

34.     When it became evident that plaintiff could not leave the home of his own volition, defendants Cassady, Blackburn, Caldwell, Long, and/or Hartness negligently attempted to move plaintiff.

35.     Realizing plaintiff was badly injured, Kelly asked defendant Cassady to tell her the address of the house so she could call an ambulance. Defendant Cassady refused to give her the address.

5

36. At no time did any fraternity member attempt to call the police from defendant Cassady's residence at 211 N. Lee Ave. or attempt to intercede on behalf of plaintiff.

37. When defendant Cassady was questioned on the scene February 3, 2007 by Officer Perry of the Elon Police Department, defendant Cassady misrepresented to Officer Perry that plaintiff was injured by an unknown intruder.

38. Defendants Blackburn, Caldwell and Hartness each fled the scene after realizing that plaintiff was incapacitated and paralyzed and that authorities and emergency personnel had been summoned and were on their way to 211 N. Lee Avenue.

39. Prior to the events described above, Elon University and its fraternal organizations, including but not limited to, the Delta Pi Chapter of Lambda Chi Alpha, shared common goals and objectives and Elon University encouraged the presence of Greek Letter organizations at the University.

40. There existed a formal and special relationship between Elon University, Lambda Chi Alpha, Inc., the Delta Pi Chapter of Lambda Chi Alpha and its members and guests, from which Elon University derived financial and other benefits.

41. It was common knowledge among Elon University officials, Lambda Chi Alpha, Inc., the Delta Pi Chapter of Lambda Chi Alpha, and the Elon University campus police that, prior to the events described herein, Elon University student organizations regularly held informal and often spontaneous off-campus parties involving alcohol consumption.

42. Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha knew or should have known that nearly 1/3 of claims and lawsuits involving men's fraternities occur because uninvited guests enter a party that appears to be "open," and fights or altercations ensue.

6

43.     In response to this and other well-known and foreseeable risk of harm to Elon students, and in order to maintain control over its student organizations, Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha adopted guidelines, rules and regulations designed to monitor and supervise organizational "events" or any event an observer would reasonably associate with a student organization.

44.     The common goal of said guidelines, rules and regulations was to prevent foreseeable injuries that can arise when college students and fraternities are allowed to gather at social events that involve the consumption of alcohol without supervision and monitoring.

45.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha recognized that it was in each of their own best interest to assume control over these activities in order to protect its students/members/guests, maintain their respective images and to maximize student membership, enrollment and profits.

46.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha specifically recognized that fraternity parties and behavior often get "out of control" and that injuries occurring during unofficial events of university organizations such as the Delta Pi Chapter of Lambda Chi Alpha can expose the university and the fraternity to civil liability.

47.     Men's fraternities represent a class of individuals who, given their notoriously disruptive behavior, need to be reasonably controlled.

48.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha had a duty, as a matter of law, to control the conduct of the social functions of its men's fraternal organizations and it had the means, ability and proximity to exercise this control.

49.     The conduct of the Delta Pi Chapter of Lambda Chi Alpha described herein constituted a breach of duty by Elon University and by both Lambda Chi Alpha, Inc. and the

7

Delta Pi Chapter of Lambda Chi Alpha to control the conduct of the social functions of its men's fraternal organizations and plaintiff's injuries were a foreseeable result of this breach of duty.

50.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha further had a separate duty of care to the plaintiff because of its voluntary undertaking to monitor and control fraternity parties and its active course of conduct in exercising said control.

51.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha voluntarily assumed significant control over the activities of its students and Greek organizations and its own chapter specifically, both on and off campus, and specifically assumed the duty, authority and responsibility to enforce university and fraternity rules and regulations designed to supervise off-campus events that an observer would reasonably associate with a student organization.

52.     Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, by assuming such a duty, further assumed the duty to protect students who attend such events from foreseeable injuries that can occur when the rules are not enforced.

53.     In light of this recognition that students who attend such events need protection, its affirmative assumption of a duty to provide such protection, and its voluntary undertaking, coupled with Elon University's status as a very-small, private university which charges significant tuition, and which charged and collected many thousands of dollars from plaintiff, Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha had a special relationship with students who attend fraternity parties which created a separate and distinct duty to protect such students from foreseeable injury.

8

54. Elon University explicitly created a formal relationship with Lambda Chi Alpha and Delta Pi Chapter and designated itself, through its Interfraternity Council, and other campus officials, as the governing body for Lambda Chi Alpha and Delta Pi Chapter.

55. Elon University further places upon its Director of Greek Life, Assistant Dean of Students, Vice President for Student Life and Dean of Students, the authority and responsibility to enforce University regulations applicable to fraternity residential life <u>AND</u> activities.

56. Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, had the right, duty and ability to control defendants Delta Pi Chapter of Lambda Chi Alpha, Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and Hartness in its activities and exercised that right.

57. It was foreseeable that if Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha breached their duties described herein, then injuries like those sustained by plaintiff would occur.

58. If Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha had made reasonable efforts to carry out its duties to plaintiff, plaintiff's injury would have been prevented.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE, WILFUL AND WANTON CONDUCT, AND GROSS NEGLIGENCE BY ELON UNIVERSITY, LAMBDA CHI ALPHA, INC., AND DELTA PI CHAPTER OF LAMBDA CHI ALPHA)

59. Paragraphs 1 through 58 are incorporated by reference as if fully set forth herein.

60. The injuries to plaintiff at the hands of defendants Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and/or Hartness, were a direct and proximate result of the negligence,

9

wilful and wanton conduct, and/or gross negligence of defendants Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, in the supervision of the students/members hosting the event where the injury occurred, and the failure to adequately promulgate and enforce policies and procedures.

61.   Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, had the authority, ability and means to monitor, supervise, control and discipline participants in organizational events such as the party described herein.

62.   The residents of 211 N. Lee Ave. had a history of having such unsupervised parties and Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, knew or should have known that such conduct posed an unreasonable danger to students.

63.   Because defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, and their agents, had reason to know that student organizations were having such parties with inadequate monitoring and supervision, they had a duty to exercise reasonable care to protect students from injuries caused by the foreseeable conduct which occurs at these parties.

64.   Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, breached this duty by failing to take reasonable steps to promulgate, educate, and enforce (and, in fact, ignored) regulations and guidelines, despite knowledge these types of inadequately monitored and supervised parties were being routinely held.

65.   Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, were further negligent in failing to train, educate and advise their employees, students, members, and campus police regarding their responsibility to enforce and/or abide by university regulations.

10

66. The failure of defendant Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, to supervise or otherwise promulgate, educate, and enforce rules and regulations proximately caused the injuries to plaintiff.

67. In conscious disregard of their knowledge of unmonitored and unsupervised fraternity parties, defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, knowingly, willfully, wantonly, and were grossly negligent by continuing to permit the residents of 211 N. Lee Ave. and others to have such parties, and ignored consciously their own safety rules. Said willful and wanton acts and omissions concurred with the aforesaid acts of defendants Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and Hartness to proximately cause the injuries and economic damages to plaintiff.

68. Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, had an affirmative duty to supervise their students and members who are particularly vulnerable because of their age and lack of life experience and Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, held considerable power over students' welfare.

69. Defendants Elon University's, Lambda Chi Alpha, Inc.'s, and the Delta Pi Chapter of Lambda Chi Alpha's officials and agents had a special relationship with their students and members who expected protection and supervision from the University, fraternity, and chapter, and the University, fraternity and chapter assumed this duty by setting rules, guidelines, and policies for students hosting parties where alcohol was being served.

70. Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, and its students and members, were mutually dependant on one another with students and members paying considerable tuition, dues, buying books, food, taking sponsored

11

trips for a fee, etc. and the University providing social activities, housing, classes, discipline, etc. for the students.

71.    Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, exerted a significant degree of control over their students and members, and their lives by having an honor code and various other policies and rules affecting the conduct of the students with punishment and other sanctions meted out for non-compliance.

72.    Defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, voluntarily undertook to advise, educate, and regulate students and members who were having parties involving alcohol and this "voluntary undertaking" established a separate duty of care owed to plaintiff as a matter of law, independent of the duty of care arising from the special relationship.

73.    Because defendants Elon University, Lambda Chi Alpha, Inc., and the Delta Pi Chapter of Lambda Chi Alpha, entered upon an active course of conduct regarding the regulation of its students, its fraternities, its members, and student parties where alcohol was being served, Elon University, the fraternity, and chapter had the positive duty to exercise ordinary care to protect its students and members from harm, and the failure to do so was negligence.

74.    Defendant Elon University, through its agents and employees, was further negligent in that it engaged in an inappropriate pattern of conduct which encouraged excessive consumption of alcohol and controlled substances by its students including, but not limited to, concealing and/or ignoring violations of any and all alcohol policies on and off campus and by actually participating in the consumption of alcohol with its students in an inappropriate way.

75.    During the year preceding the events described herein, it was common knowledge to university officials, Lambda Chi Alpha, Inc. and Delta Pi Chapter of Lambda Chi Alpha that

12

the Delta Pi Chapter had a significant and pervasive problem with illegal drug use, hazing, and excessive drinking/partying. These serious issues were ignored by all defendants and were allowed to continue.

76.     Defendants Elon University, Lambda Chi Alpha, Inc. and Delta Pi Chapter of Lambda Chi Alpha were further negligent, grossly negligent, and exhibited a wilful and wanton and disregard for the rights and safety of plaintiff in failing to address problems with hazing, excessive alcohol, and other behavioral issues, by revoking the Delta Pi Chapter charter or their authorization to exist as a Greek fraternity at Elon University, or by imposing any type of social probation or other penalty. They were further negligent in allowing the Delta Pi chapter and these activities to continue with no prohibition against all off-campus fraternity parties and by failing to implement clear guidelines for safe, off-campus parties and proper procedures for removing uninvited guests.

77.     Additional acts or omissions by defendants Elon University, Lambda Chi Alpha, Inc. and Delta Pi Chapter constituting negligence, willful and wanton conduct, and/or gross negligence and that would constitute aggravating factors supporting an award of punitive damages against defendants Elon University, Lambda Chi Alpha, Inc. and Delta Pi Chapter of Lambda Chi Alpha include:

> a.      In January 2004, a letter was sent by the Office of Greek Life to all Greek organizations, including Delta Pi Chapter of Lambda Chi Alpha, informing them that FIPG and University policies prohibited drinking games such as Beer Pong tables, etc.
>
> b.      On April 24, 2004, alcohol violations are found at the Delta Pi chapter house, consisting of Beer Pong alcohol games. Delta Pi chapter is placed on

13

social probation by Elon University, and restitution, and education programs are ordered. On August 23, 2004, Vice-President of Student Life and Dean of Students Smith Jackson reduced the period of social probation.

c.       On May 13, 2004, Smith Jackson, Vice President for Student Life and Dean of Students, sends a letter to the Delta Pi chapter accepting the recommended sanctions for the April 24, 2004 alcohol violations. Included in such letter are guidelines for complying with restrictions on alcohol at social events, including off-campus, and listing, in part, that i) money should not be pooled to buy alcohol for an event ii) off-campus social events should not be discussed at chapter meetings iii) no kegs should be present at a brother's house or apartment, and iv) avoid social events not hosted by Lambda Chi Alpha where alcohol is present and there are either more than 15 brothers present, or more fraternity members than students who are non-brothers.

d.       In August 2005, the 2004-2005 Chapter Evaluation Review for Delta Pi chapter is completed by the Office of Greek Life at Elon University and a copy is mailed to Lambda Chi Alpha, Inc. Concerns include: "1. The chapter desperately needs an alumni advisory board." 2. "The presence of a High Pi (chapter advisor) and two additional advisors will allow the Lambda Chi Alpha chapter [to] grow and flourish." 3. The chapter had many challenges this year that seems to center around brothers who put themselves above the chapter. A warning is noted that *"[i]f this trend continues[,] the problems for Lambda Chi Alpha are going to be significant."* As recommendations, the chapter president is to contact the national fraternity office to work to establish the 3 member advisory board

14

and 2 of these advisors are to be in place by October 1, 2005. The Delta Pi chapter is placed on a "Level 2 Continuation in Good Standing with recommendations" status.

e.     An Alumni Advisory Board is a group of 3-15 undergraduate fraternity chapter alumni who advise and help improve the operations of the chapter and develop and strengthen the fraternal experience by acting as mentors, teachers, evaluators and encouragers of brother development and chapter success. As part of their advice and counsel, the Board insures compliance with risk management and social function policies and procedures.

f.     On August 22, 2005, alcohol violations are *again* found at the Delta Pi chapter house, consisting of Beer Pong alcohol games. Delta Pi chapter is given a warning by Elon University.

g.     On October 30, 2005, alcohol violations consisting of kegs provided by the chapter or chapter members are *again* found at an off-campus   Delta Pi chapter Halloween party which is determined to be a chapter event. Delta Pi chapter is placed on social probation until January 31, 2006 and disciplinary probation with no parties where alcohol is present on or off campus until May 20, 2006 by Elon University, and restitution, and education  programs on Risk management and off-campus parties are ordered.

h.     On March 5, 2006, hazing violations of pledges at an off-campus apartment are found. No disciplinary action is taken by Elon University.

i.     On May 9, 2006, alcohol violations are *again* found at the Delta Pi chapter house, consisting of Beer Pong alcohol games. Delta Pi chapter is placed

15

on social probation by Elon University through September 15, 2006. This is a third offense for Delta Pi chapter in the 2005-2006 academic year and the second alcohol-related offense in such year.

j.　In August 2006, the 2005-2006 Chapter Evaluation Review for Delta Pi chapter is completed by the Office of Greek Life at Elon University and a copy is mailed to Lambda Chi Alpha, Inc. Concerns **again** include: "1. The chapter desperately needs an alumni advisory board." 2. "The presence of a High Pi (chapter advisor) and two additional advisors will allow the Lambda Chi Alpha chapter to grow and flourish." 3. 'The new members are being hazed through excessive time requirements, inappropriate activities being held off campus, and other activities that cause sleep deprivation and other potential problems." 4. "The chapter had many challenges this year that seems to center around brothers who put themselves above the chapter. A warning is *again noted that "[i]f this trend continues[,] the problems for　Lambda Chi Alpha re going to be significant."* The Delta Pi chapter is placed on a "Level 4 warning" status.

k.　On August 21, 2006, a letter from Lambda Chi Alpha, Inc. is sent to Delta Pi chapter noting receipt of the chapter evaluation and concerns from Carolyn Wittier, Elon Director of Greek Life. Ms. Wittier cites issues with alcohol violations, hazing, and growing drug-use problems, and refers to the LCA Elon Chapter as the "Drug Fraternity" on campus. Based upon this information and a telephone conversation between an Education Leadership Consultant with Lambda Chi Alpha and Ms. Wittier, the General Fraternity and Chapter Services strongly recommends that an Alumni Control Board be established for the Delta

Pi chapter by Order from the Grand High Zeta, the National Board of Directors for Lambda Chi Alpha, Inc.

l.      An Alumni Control Board of Lambda Chi Alpha is created as a means of addressing a dire chapter situation which may stem from lack of support and direction by a current alumni organization or from general disregard for risk management and hazing policies. The goal of such board is control and oversee all and everyday operations within a chapter and provide mentoring that was previously lacking. It is the national fraternity's last option to rehabilitate failing chapter operations. Such board has the power, among others, to expel, suspend or take other disciplinary action against members of the undergraduate chapter, disallow any chapter activities or programs which are in violation of Lambda Chi Alpha laws and policies, and includes controlling social calendars and activities.

m.      Despite the urgent need for the establishment of an Alumni Control Board, no such Board or other urgent action to control the behavior of Delta Pi members was undertaken by Elon University, Lambda Chi Alpha Inc., and Delta Pi Chapter.

n.      As a result, Delta Pi chapter and its members assumed that there would be no consequences to a continuation of their past behavior, and continued such behavior.

o.      On September 1, 2006, alcohol violations are *again* found at the Delta Pi chapter house by Elon University.

p.      On September 4, 2006, alcohol violations are *again* found at the Delta Pi chapter house by Elon University.

17

q. On September 15, 2006, Delta Pi chapter was <u>removed from social probation</u>, despite the continued alcohol and risk management policy violations and despite the urgent need for an Alumni Control Board.

r. On September 16, 2006, the day after Delta Pi chapter was removed from social probation, alcohol violations for serving underage students and students without wristbands are found at the Delta Pi chapter house by Elon University.

s. Despite the alcohol violations occurring on September 1, September 4, and September 16, 2006, no hearing for Lambda Chi Alpha is scheduled or conducted by Elon University for such offenses, and no action, including, but not limited to, the establishment of an Alumni Control Board, is taken.

t. On February 3, 2007, the incident involving plaintiff occurs at an off-campus Delta Pi party. This party would not have occurred if the defendants had not willfully ignored Delta Pi chapter's repeated violations and urgent need for strict control. The same elements that had been used previously by Elon University on October 30, 2005 and noted in FIPG Guidelines and Elon policies that determine whether this is a "chapter event" i.e. presence of bulk alcohol, large numbers of fraternity members present, common knowledge and appearance of a fraternity event, etc., are present.

u. No disciplinary action is taken by Elon University against Delta Pi chapter as a result of the events of February 3, 2007

v. On February 10, 2007, alcohol violations are *again* found at the Delta Pi chapter house, consisting of a member found vomiting outside the chapter house and reported being forced or expected to drink alcoholic beverage. Delta Pi

18

chapter is placed on chapter probation, and social probation through June 1, 2007 by Elon University, and education programs are ordered.

w.      On March 29, 2007, the Provost and Vice President for Academic Affairs rescinds the social probation sanction on appeal from the chapter. This decision appears to be based on a recommendation from the Vice President for Student Affairs Smith Jackson.

x.      In August 2007, the 2006-2007 Chapter Evaluation Review for Delta Pi chapter is completed by the Office of Greek Life at Elon University and a copy is mailed to Lambda Chi Alpha, Inc. Concerns **again** include: "1. The chapter desperately needs an alumni advisory board. The faculty advisor ...recently resigned citing that the chapter does not use him as an advisor. This is a serious loss for the chapter.... The chapter will now need to recruit a new faculty advisor" 2. "The presence of a High Pi (chapter advisor) and two additional The Delta Pi chapter is placed on a "Level 3 Continuation with Recommendations" status with no warning status.

y.      The above time line evidences frequent and consistent violations of policies adopted by defendants Elon University, Lambda Chi Alphas, Inc. and Delta Pi chapter of Lambda Chi Alpha regarding alcohol violations and off-campus parties.

z.      Defendants Elon University and Lambda Chi Alpha, Inc. failed to hold Delta Pi chapter accountable for its frequent violations.

aa.     The letter from the national office of Lambda Chi Alpha, Inc. to its Delta Pi chapter indicated a recommendation to invoke an Alumni Control Board to

take "control" over the Elon chapter. This recommendation indicated an agreement with Carolyn Wittier that dramatic intervention was needed. There is no evidence that such recommendation was ever acted upon.

bb.     There was no attempt to bolster the alumni advice available to the Delta Pi chapter. As a result, there was an almost complete lack of "adult supervision" for the chapter. Officials at Lambda Chi Alpha recognized the need to invoke an Alumni Control Board in response to the concerns expressed by Elon University. However, there is no evidence that Lambda Chi Alpha made any attempt to actually implement an Alumni Control Board at Delta Pi chapter, or to undertake any other form of control or sanction.

cc.     In addition to negligence, the above conduct by defendants Elon University, Lambda Chi Alpha, Inc. and Delta Pi Chapter of Lambda Chi Alpha shows a willful and wanton disregard for the rights and safety of Elon University students and Lambda Chi Alpha Inc fraternity and Delta Pi chapter guests, including plaintiff, by having knowledge of and in failing to take reasonable and appropriate steps to control the behavior of its individual defendant member-students who it was reasonably foreseeable would conduct off-campus parties where alcoholic beverages were being served, such as the incident complained of by plaintiff, and cause injury thereby.

78.     The acts of defendant Delta Pi Chapter of Lambda Chi Alpha and its members alleged herein were done in the course and scope of an agency relationship with defendant Elon University and Elon University is vicariously liable for these acts as a principal.

20

79. Alternatively, the negligent acts, wilful and wanton conduct, and/or gross negligence of defendant Elon University as alleged herein concurred with and joined the negligent acts, wilful and wanton conduct, and/or gross negligence, of defendants Lambda Chi Alpha, Inc., the Delta Pi Chapter of Lambda Chi Alpha, Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and Hartness.

80. Defendants Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and Hartness, at all times alleged herein, were acting under color of their status as Lambda Chi Alpha members, or as their agents, and were operating to accomplish a common goal of enforcing the Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha, Inc. regulations and removing a non-member from the party and were therefore acting within the scope of an agency relationship with Lambda Chi Alpha.

81. Certain individual defendants' status as actual or apparent Lambda Chi Alpha members played a significant role in the altercation and injuries alleged herein.

82. A purpose of Fraternity Organizations generally, and defendants Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha, Inc. specifically is to develop ties of friendship among its members and to create and maintain an air of exclusivity in order to entice new members. The event (party) described herein and the acts of the individual defendants were done in furtherance of this purpose and under the express and/or implied authority of defendants Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha, Inc.

83. Defendants Delta Pi Chapter of Lambda Chi Alpha, and Lambda Chi Alpha, Inc., had the right and duty to control the manner in which its members carried out the business of the organization and had the right to terminate the relationship, suspend charters and expel or suspend members.

21

84.     Certain individual defendants were authorized by defendants Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha, Inc. to conduct fraternity functions, events, and parties, and to remove uninvited guests from such fraternity events in accordance with written procedures as set forth above.

85.     Defendants Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha Inc. are liable for the conduct of its members under the principles of agency and *respondeat superior* or other doctrine or law, and their conduct is imputed to defendants Delta Pi Chapter of Lambda Chi Alpha and Lambda Chi Alpha, Inc. as a matter of law.

86.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, plaintiff has sustained severe and permanent injury, impairment, paralysis, and disability to his person.

87.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, plaintiff has incurred, and will in the future incur, significant hospital, medical, pharmaceutical and other expenses for the care and treatment of his injuries.

88.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, plaintiff has suffered, and will continue to suffer, great physical and mental pain and suffering, mental anguish, inconvenience, loss of dignity, loss of capacity for enjoyment of life, discomfort, and other damages.

89.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of

Case 1:09-cv-00765-CCE-LPA   Document 54-2   Filed 02/20/12   Page 22 of 31

Lambda Chi Alpha, plaintiff has sustained, and will in the future sustain, loss of earnings and other benefits of his employment.

90.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, plaintiff is unable to participate in the recreational pursuits, hobbies, and other activities in which he had previously participated.

91.     As a direct and proximate result of the negligence and/or wilful and wanton conduct of defendant Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, plaintiff has otherwise been damaged as will be shown during the trial of this matter.

## VICARIOUS LIABILITY OF ELON UNIVERSITY FOR THE NEGLIGENT ACTS OF THE AGENTS OF LAMBDA CHI ALPHA FRATERNITY, INC.

92.     **Defendants Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, Inc. were engaged in a joint venture with the common purpose of recruiting new members to Lambda Chi Alpha Fraternity and furthering various university objectives.**

93.     **In furtherance of this joint venture, Elon University participated substantially in the management of Delta Pi Chapter of Lambda Chi Alpha, Inc. and collaborated with these entities in most aspects of operations.**

94.     **Defendants Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, Inc. all received compensation for each new member recruited to the Elon Chapter of Defendant Lambda Chi Alpha.**

95.     **On February 3, 2007, Defendants and, except for Blackburn, Elon Students, Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and/or Hartness were acting as**

23

agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha by hosting a recruitment event at 211 N. Lee Ave. The purpose of this event was to entice male students of Defendant Elon University to pledge Defendant Delta Pi Chapter of Lambda Chi Alpha in the upcoming rush season.

96.     Defendants Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, Inc. all possessed the legal right to direct and govern the actions of Defendants Blackburn, Cassady, Caldwell, Wells, Long, McElroy, and/or Hartness while conducting activities related to membership and recruiting for Defendant Delta Pi Chapter of Lambda Chi Alpha Fraternity.

97.     At all times relevant to this cause of action, Defendants Elon University, Lambda Chi Alpha, Inc. and the Delta Pi Chapter of Lambda Chi Alpha, Inc., were engaged in a joint venture such that the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha and Delta Pi Chapter of Lambda Chi Alpha, Inc. are imputed to the Defendant Elon University as a matter of law.

98.     As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff has sustained severe and permanent injury, impairment, paralysis, and disability to his person.

99.     As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff has incurred, and will in the future incur, significant hospital, medical, pharmaceutical and other expenses for the care and treatment of his injuries.

24

100. As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff has suffered, and will continue to suffer, great physical and mental pain and suffering, mental anguish, inconvenience, loss of dignity, loss of capacity for enjoyment of life, discomfort, and other damages.

101. As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff has sustained, and will in the future sustain, loss of earnings and other benefits of his employment.

102. As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff is unable to participate in the recreational pursuits, hobbies, and other activities in which he had previously participated.

103. As a direct and proximate result of the negligent acts and/or omissions of the agents of Defendants Lambda Chi Alpha Fraternity, Inc., Elon University and Delta Pi Chapter of Lambda Chi Alpha, plaintiff has otherwise been damaged as will be shown during the trial of this matter.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE, WILFUL AND WANTON CONDUCT, AND GROSS NEGLIGENCE OF JOSEPH BLACKBURN, JOHN FERRELL CASSADY, CHARLES KENNETH CALDWELL, DAVID WILLIAMSON WELLS, BRIAN THOMAS McELROY, LINWOOD BRADY LONG, WILLIAM JOSEPH HARTNESS AND ROBERT LAWRENCE OLSON, ALSO KNOWN AS ROBERT S. OLSON, JR.)

25

104. Paragraphs 1 through 90 are incorporated by reference as if fully set forth herein.

105. Defendants Cassady, Wells, McElroy and Olson were negligent in hosting an event (party) at their residence without adequate safety policies or procedures for the removal of uninvited guests.

106. Defendants Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness and Olson had a duty to use reasonable care in evicting plaintiff from the party with verbal requests and upon refusal, to contact appropriate law enforcement and university personnel, and they individually and collectively breached this duty.

107. Defendants Cassady, Caldwell, Wells, McElroy, Long, Hartness and Olson had a duty to intervene and to stop defendant Blackburn from physically removing plaintiff from the premises, and their negligence in failing to do so was a proximate cause of plaintiff's injuries.

108. All allegations of negligence by defendants Cassady, Caldwell, Wells, McElroy, Long, Hartness and Olson were done in the course and scope of an agency relationship **and/or joint venture** with defendant Lambda Chi Alpha Inc. and the Delta Pi Chapter of Lambda Chi Alpha **and Elon University**.

109. It was foreseeable to defendants Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness and Olson that plaintiff may be injured by their actions, or their failure to intervene, and such injuries did, in fact, occur.

110. Defendants Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness and Olson acted negligently, willfully and wantonly and with reckless disregard for the rights and safety of plaintiff, and/or were grossly negligent, by negligently laying hands on him, by failing to intervene, both before and after his injuries were apparent, by failing to call for prompt medical attention, by failing to give the street address so that others, including Kelly, could call

26

for prompt medical attention, by fleeing the scene, and by lying to the police regarding how plaintiff was injured.

111.    Defendants Cassady, Wells and McElroy, as social hosts and occupiers of the 211 North Lee Ave. house, had a duty to exercise reasonable care under the circumstances toward all lawful visitors and guests on such premises.

112.    Defendants Cassady, Wells and McElroy further had a duty to exercise reasonable care in the maintenance and condition of such premises for the protection and safety of their visitors and guests.

113.    Defendants Cassady, Wells and McElroy were or should have been aware of multiple dangerous conditions on the premises, including, but not limited to, wet floors, exposed wires and cords, broken doors, overcrowding, and other conditions, which a reasonable inspection of the premises would have disclosed.

114.    It was foreseeable that a failure to discover, remedy and/or warn such visitors and guests on such premises of such dangerous conditions, an injury to such visitor or guest would occur.

115.    As a result of the failure to discover, remedy, and/or warn such visitors and guests on such premises of such dangerous conditions, plaintiff was injured.

116.    The negligent acts, wilful and wanton conduct, and/or grossly negligent acts of defendants Blackburn, Cassady, Caldwell, Wells, McElroy, Long, and Hartness, as alleged herein, concurred with and joined the negligent acts, wilful and wanton conduct, and/or grossly negligent acts of defendants Delta Pi Chapter of Lambda Chi Alpha and Elon University.

117.    As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, and

27

Hartness, plaintiff has sustained severe and permanent injury, impairment, paralysis, and disability to his person.

118. As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, and Hartness, plaintiff has incurred, and will in the future incur, significant hospital, medical pharmaceutical and other expenses for the care and treatment of his injuries.

119. As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, and Hartness, plaintiff has suffered, and will continue to suffer, great physical and mental pain and suffering, mental anguish, inconvenience, loss of dignity, loss of capacity for enjoyment of life, discomfort, and other damages.

120. As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness, and Olson, plaintiff has sustained, and will in the future sustain, loss of earnings and other benefits of his employment.

121. As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness, and Olson, plaintiff is unable to participate in the recreational pursuits, hobbies, and other activities in which he had previously participated.

122. As a direct and proximate result of the negligence, wilful and wanton conduct, and/or gross negligence of defendant Blackburn, Cassady, Caldwell, Wells, McElroy, Long, Hartness, and Olson, plaintiff has otherwise been damaged as will be shown during the trial of this matter.

28

**WHEREFORE**, having complained of the defendants, the plaintiff prays the Court that:

A.      Plaintiff have and recover a sum in excess of Ten Thousand Dollars ($10,000.00) in compensatory damages from all defendants, both jointly and severally;

B.      Plaintiff have and recover a sum in excess of Ten Thousand Dollars ($10,000.00) in punitive damages from all defendants, both jointly and severally;

C.      Prejudgment interest from the date of filing this Complaint;

D.      The costs of this action be taxed against defendants,

E.      Plaintiff have a trial by jury; and

F.      For all such other and further relief the court deems just and proper.

This the _18th_ day of _March_, ~~2009.~~ 2010

ANDERSON, DANIEL & ASSOCIATES

By:      A.L. Butler Daniel.
N.C. State Bar No. 19889
232 Causeway Drive, Suite 2-1
P.O. Box 1309
Wrightsville Beach, NC 28480
Telephone:   (910) 256-6896
Facsimile:   (910) 256-3472
Co-counsel for Plaintiff

29

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Third Amended Complaint was on the date set forth above served upon the below-named counsel by mailing a copy of such instrument, postage pre-paid, via first class mail, to the office address of:

Dan M. Hartzog, Esq.
c/o Cranfill, Sumner & Hartzog, LLP
P.O. Box 27808
Raleigh, NC 27611-7808
*Attorneys for Defendant Elon University*

O. Craig Tierney, Jr. Esq.
c/o Brown, Crump, Vanore & Tierney, LLP
P.O. Box 1729
Raleigh, NC 27602-1729
*Attorneys for Lambda Chi Alpha*

Richard L. Pinto, Esq.
c/o Pinto, Coates, Kyre & Brown, PLLC
P.O. Box 4848
Greensboro, NC 27404
*Attorney for John Ferrell Cassady*

Jeffrey Ammons, Esq.
c/o Walker, Allen, Grice, Ammons & Foy, LLP
1407 West Grantham Street
P.O. Box 2047
Goldsboro, NC 27533-2047
*Attorneys for Clinton Joseph Blackburn*

Joseph S. Williford, Esq.
c/o Young, Moore & Henderson, P.A.
P.O. Box 21627
Raleigh, NC 27622
*Attorneys for Defendant Delta Pi Chapter*

Joseph T. Carruthers, Esq.
c/o Carruthers & Bailey, P.A.
155 Sunnynoll Court, Suite 102
Winston-Salem, NC 27106
*Attorney for Defendant Charles Kenneth Caldwell, Jr.*

Gregory A. Wendling, Esq.
426 W. Friendly Avenue, Suite A
Greensboro, NC 27401
*Attorney for Brian McElroy*

John S. Buford, Esq.
c/o Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
P.O. Box 26000
Greensboro, NC 27420
*Attorneys for Brady Long*

Joseph R. Beatty, Esq.
R. Thompson Wright, Esq.
c/o Hill, Evans, Jordan & Beatty
P.O. Box 989
Greensboro, NC 27402
*Attorneys for Brady Long*

Michael S. Petty, Esq.
P.O. Box 2298
Raleigh, North Carolina 27602
*Co-Counsel for Plaintiff*

A.L. BUTLER DANIEL

F:\DOCS\- ADC Active Files\Mynhardt, Lee\Pleadings\COMPLAINT\Fourth Amended Complaintwith aggravating factors (draft II) 9.9.09.doc

31

Case 1:09-cv-00765-CCE-LPA   Document 54-2   Filed 02/20/12   Page 31 of 31