EXHIBIT G

NORTH CAROLINA:  FILED  IN THE GENERAL COURT OF JUSTICE
                                    SUPERIOR COURT DIVISION
ALAMANCE COUNTY: 2011 JAN 28 PM 2:31    08-CVS- 3760

JOHN LEE MYNHARDT, ALAMANCE COUNTY C.S.C.
       By Plaintiff,

v.

ELON UNIVERSITY, LAMBDA CHI
ALPHA, INC., et al.,
    Defendants.

---

AMENDED ORDER Re: DELTA PI CHAPTER OF LAMBDA CHI ALPHA INC.'S MOTION FOR SUMMARY JUDGMENT, PER RULE 56, NORTH CAROLINA RULES OF CIVIL PROCEDURE

---

**THIS MATTER** came on for hearing before the undersigned Judge of Superior Court on Tuesday, November 23, 2010 at a special civil session of the Alamance County Superior Court held in Wake County pursuant to the authority granted by Rule 2.1, General Rules of Practice upon defendant Delta PI Chapter of Lambda Chi Alpha, Inc.'s ("Delta PI") Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure. Also set for hearing were Elon University's ("Elon") Motion for Summary Judgment pursuant to Rule 56, and Lambda Chi Alpha' ("LCA") Motion for Summary Judgment pursuant to Rule 56.

The Court was provided with memoranda of law and authorities on all three (3) pending motions prior to the hearing which the Court had the opportunity to read prior to the hearing. The memoranda of law submitted by the plaintiff and three defendants totaled 135 pages exclusive of attachments. The Court was also provided with copies of more than 24 deposition transcripts and exhibits prior to the hearing.

Counsel for plaintiff, Delta Pi, Elon and LCA were present at the hearing and the Court heard arguments. The hearing lasted approximately three (3) hours and all parties were given the opportunity to argue and re-argue their positions.

The Court took the pending motions under advisement in order to consider the arguments and review the massive discovery materials and depositions taken in the course of discovery in this case.

Following the hearing, the Court undertook to review multiple depositions, exhibits and the extensive memoranda and case law provided by the parties. This review took place over a period of five (5) days. Following the Court's



review, the Court considered the matter further. However, putting off the decision will not make this sad case any easier. This matter is ripe for disposition.

**Decision:**

After considering the legal authorities, memoranda, matters of record, affidavits, depositions and materials submitted by plaintiff and Delta Pi and the other two defendants, Elon and LCA, the Court has determined that Delta Pi's Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure should be granted as to plaintiff's claim for punitive damages against Delta Pi as there is no genuine issue as to any material fact and Delta Pi is entitled to judgment as a matter of law as to the punitive damage claim.

As to the plaintiff's negligence claims against Delta Pi and Delta Pi's contributory negligence defense, the Court has determined that there are issues of material fact and therefore, Delta Pi's motion for summary judgment on plaintiff's negligence claims against Delta Pi and Delta Pi's contributory negligence defense are denied.

Rule 54(b), North Carolina Rules of Civil Procedure provides:

(b) Judgment upon multiple claims or involving multiple parties. ---
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.
Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court has also granted Elon's and LCA's motions for summary judgment and has dismissed all of plaintiff's claims against Elon and LCA. In addition, the Court has also granted Delta Pi's motion for summary judgment as to plaintiff's claim for punitive damages against Delta Pi. Accordingly, the Court has dismissed all claims against the institutional defendants except plaintiff's negligence claims against Delta Pi.

When the Court entered its three orders granting summary judgment in favor of Elon, LCA and summary judgment in part in favor of Delta Pi, the Court on December 30, 2011, it failed to declare these orders to be final judgments and certify these orders as immediately appealable as there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

Accordingly, as permitted by Rule 54(b), the Court amends this Order and each one of the other Orders relating to LCA and Elon <u>solely</u> to enter these Orders as final judgments and to certify that there is no just reason for delay in permitting the decisions to be appealed to the appellate division. Here's why.

The only other defendants remaining in the case, other than Delta Pi, are two individual defendants who were present at the party. In the Court's opinion, it would be a waste of judicial economy and resources for the remaining issues to go to trial until such time as the appellate division has ruled on the propriety of this Court's dismissal of plaintiff's claims against Elon, LCA and the punitive damage claim against Delta Pi.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That Delta Pi Chapter of Lambda Chi Alpha, Inc.'s motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure is granted as to plaintiff's claim for punitive damages and that claim is hereby dismissed.
2. That Delta Pi Chapter of Lambda Chi Alpha, Inc.'s motion for summary judgment as to plaintiff's negligence claims against Delta Pi and Delta Pi's defense of contributory negligence are denied.
3. That this Order is declared a final judgment as to the dismissal of plaintiff's punitive damage claims and the Court certifies that there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

This the 28th day of January, 2011.

Howard E.

Howard E. Manning, Jr.
Superior Court Judge

NORTH CAROLINA:                   IN THE GENERAL COURT OF JUSTICE FILED
                                  SUPERIOR COURT DIVISION
ALAMANCE COUNTY:                  08-CVS- 3760              2011 JAN 28 PM 2:30

JOHN LEE MYNHARDT,                                          ALAMANCE COUNTY, C.S.C.
            Plaintiff,                                      BY

v.

ELON UNIVERSITY, LAMBDA CHI
ALPHA, INC., et al.,
            Defendants.

---

**AMENDED ORDER Re: LAMBDA CHI ALPHA, INC.'S MOTION FOR SUMMARY JUDGMENT, PER RULE 56, NORTH CAROLINA RULES OF CIVIL PROCEDURE**

---

**THIS MATTER** came on for hearing before the undersigned Judge of Superior Court on Tuesday, November 23, 2010 at a special civil session of the Alamance County Superior Court held in Wake County pursuant to the authority granted by Rule 2.1, General Rules of Practice upon defendant Elon University's ("Elon") Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure. Also set for hearing were Lambda Chi Alpha, Inc.'s ("LCA") Motion for Summary Judgment pursuant to Rule 56, and Delta PI Chapter ("Delta Pi") of LCA's Motion for Summary Judgment pursuant to Rule 56.

The Court was provided with memoranda of law and authorities on all three (3) pending motions prior to the hearing which the Court had the opportunity to read prior to the hearing. The memoranda of law submitted by the plaintiff and three defendants totaled 135 pages exclusive of attachments. The Court was also provided with copies of more than 24 deposition transcripts and exhibits prior to the hearing.

Counsel for plaintiff, Elon, LCA and Delta Pi were present at the hearing and the Court heard arguments. The hearing lasted approximately three (3) hours and all parties were given the opportunity to argue and re-argue their positions.

The Court took the pending motions under advisement in order to consider the arguments and review the massive discovery materials and depositions taken in the course of discovery in this case.

Following the hearing, the Court undertook to review multiple depositions, exhibits and the extensive memoranda and case law provided by the parties. This review took place over a period of five (5) days. Following the Court's



review, the Court considered the matter further. However, putting off the decision will not make this sad case any easier. This matter is ripe for disposition.

Decision:

After considering the legal authorities, memoranda, matters of record, affidavits, depositions and materials submitted by plaintiff and LCA and the other two defendants, Elon and Delta Pi, the Court has determined that LCA's Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure should be granted as to all of plaintiff's claims against LCA alleged in the Fourth Amended Complaint as there is no genuine issue as to any material fact and LCA is entitled to judgment as a matter of law.

No just reason for delay – Rule 54(b)

Rule 54(b), North Carolina Rules of Civil Procedure provides:

(b) Judgment upon multiple claims or involving multiple parties. ---
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.
Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court has also granted Elon's motion for summary judgment and has dismissed all of plaintiff's claims against Elon. In addition, the Court has also granted Delta Pi's motion for summary judgment as to plaintiff's claim for punitive damages against Delta Pi. Accordingly, the Court has dismissed all claims against the institutional defendants except plaintiff's negligence claims against Delta Pi.

When the Court entered its three orders granting summary judgment in favor of Elon, LCA and summary judgment in part in favor of Delta Pi, the Court on December 30, 2011, it failed to declare these orders to be final

2

judgments and certify these orders as immediately appealable as there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

Accordingly, as permitted by Rule 54(b), the Court amends this Order and each one of the other Orders relating to Elon and Delta Pi <u>solely</u> to enter these Orders as final judgments and to certify that there is no just reason for delay in permitting the decisions to be appealed to the appellate division. Here's why.

The only other defendants remaining in the case, other than Delta Pi, are two individual defendants who were present at the party. In the Court's opinion, it would be a waste of judicial economy and resources for the remaining issues to go to trial until such time as the appellate division has ruled on the propriety of this Court's dismissal of plaintiff's claims against Elon, LCA and the punitive damage claim against Delta Pi.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That LCA's motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure is granted.
2. That Plaintiff's claims against LCA are dismissed.
3. That this Order is declared a final judgment and the Court certifies that there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

This the 28th day of January, 2011.

Howard E. Manning, Jr.
Superior Court Judge

NORTH CAROLINA:      FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ALAMANCE COUNTY: 2011 JAN 28 PM 2:28     08-CVS-3760

ALAMANCE COUNTY, C.S.C.

JOHN LEE MYNHARDT,
         Plaintiff,

v.

ELON UNIVERSITY, LAMBDA CHI
ALPHA, INC., et al.,
         Defendants.

---

**AMENDED ORDER Re: ELON UNIVERSITY'S MOTION FOR SUMMARY JUDGMENT, PER RULE 56, NORTH CAROLINA RULES OF CIVIL PROCEDURE**

---

**THIS MATTER** came on for hearing before the undersigned Judge of Superior Court on Tuesday, November 23, 2010 at a special civil session of the Alamance County Superior Court held in Wake County pursuant to the authority granted by Rule 2.1, General Rules of Practice upon defendant Elon University's ("Elon") Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure. Also set for hearing were Lambda Chi Alpha, Inc.'s ("LCA") Motion for Summary Judgment pursuant to Rule 56, and Delta PI Chapter ("Delta Pi") of LCA's Motion for Summary Judgment pursuant to Rule 56.

The Court was provided with memoranda of law and authorities on all three (3) pending motions prior to the hearing which the Court had the opportunity to read prior to the hearing. The memoranda of law submitted by the plaintiff and three defendants totaled 135 pages exclusive of attachments. The Court was also provided with copies of more than 24 deposition transcripts and exhibits prior to the hearing.

Counsel for plaintiff, Elon, LCA and Delta Pi were present at the hearing and the Court heard arguments. The hearing lasted approximately three (3) hours and all parties were given the opportunity to argue and re-argue their positions.

The Court took the pending motions under advisement in order to consider the arguments and review the massive discovery materials and depositions taken in the course of discovery in this case.

Following the hearing, the Court undertook to review multiple depositions, exhibits and the extensive memoranda and case law provided by the parties. This review took place over a period of five (5) days. Following the Court's



review, the Court considered the matter further. However, putting off the decision will not make this sad case any easier. This matter is ripe for disposition.

**Decision:**

After considering the legal authorities, memoranda, matters of record, affidavits, depositions and materials submitted by plaintiff and Elon and the other two defendants, LCA and Delta Pi, the Court has determined that Elon's Motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure should be granted as to all of plaintiff's claims against Elon alleged in the Fourth Amended Complaint as there is no genuine issue as to any material fact and Elon is entitled to judgment as a matter of law.

**No just reason for delay – Rule 54(b), North Carolina Rules of Civil Procedure**

Rule 54(b), North Carolina Rules of Civil Procedure provides:

(b) Judgment upon multiple claims or involving multiple parties. ---
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.
Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Court has also granted LCA's motion for summary judgment and has dismissed all of plaintiff's claims against LCA. In addition, the Court has also granted Delta Pi's motion for summary judgment as to plaintiff's claim for punitive damages against Delta Pi. Accordingly, the Court has dismissed all claims against the institutional defendants except plaintiff's negligence claims against Delta Pi.

When the Court entered its three orders granting summary judgment in favor of Elon, LCA and summary judgment in part in favor of Delta Pi, the

Court on December 30, 2011, it failed to declare these orders to be final judgments and certify these orders as immediately appealable as there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

Accordingly, as permitted by Rule 54(b), the Court amends this Order and each one of the other Orders relating to LCA and Delta Pi solely to enter these Orders as final judgments and to certify that there is no just reason for delay in permitting the decisions to be appealed to the appellate division. Here's why.

The only other defendants remaining in the case, other than Delta Pi, are two individual defendants who were present at the party. In the Court's opinion, it would be a waste of judicial economy and resources for the remaining issues to go to trial until such time as the appellate division has ruled on the propriety of this Court's dismissal of plaintiff's claims against Elon, LCA and the punitive damage claim against Delta Pi.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That Elon University's motion for Summary Judgment pursuant to Rule 56, North Carolina Rules of Civil Procedure is granted.
2. That Plaintiff's claims against Elon University are dismissed.
3. That this Order is declared a final judgment and the Court certifies that there is no just reason for delay pursuant to Rule 54(b), North Carolina Rules of Civil Procedure.

This the 28th day of January, 2011.

Howard E. Manning, Jr.
Superior Court Judge